Filed 4/12/16  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063504 |
| v. | (Super.Ct.No. FVI800708) |
| CHARLES AUSTIN SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Coreen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

On November 4, 2014, the voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47). Proposition 47 reduced certain nonserious, nonviolent felonies to misdemeanors. Proposition 47 allows a person convicted of a felony prior to its passage, who would have been guilty of a misdemeanor under Proposition 47, to petition the court to reduce his or her felony to a misdemeanor and be resentenced.

On September 19, 2008, prior to the passage of Proposition 47, defendant and appellant Charles Austin Smith entered a guilty plea to a felony violation of attempted unlawful driving or taking a vehicle, a 1999 Toyota Camry, within the meaning of Penal Code section 664 and Vehicle Code section 10851. Defendant filed a one-page petition to recall his sentence (Petition) stating that his conviction of "VC 664/10851(a)" should be reduced to a misdemeanor. The trial court denied the Petition on the grounds that defendant's conviction was not eligible for resentencing under Proposition 47.

Defendant now claims on appeal as follows: (1) his conviction for violating Penal Code section 664/Vehicle Code section 10851 is properly considered a theft offense, which is a misdemeanor under the newly enacted Proposition 47; (2) the omission of Penal Code section 664/Vehicle Code section 10851 from Proposition 47 violates equal protection; and (3) his constitutional rights were violated when the trial court denied his Petition without holding a hearing and securing his presence at the hearing.

We affirm the denial of the Petition.

**FACTUAL AND PROCEDURAL HISTORY**

On April 9, 2008, an Information was filed against defendant in San Bernardino County case No. FVI800708, charging him with the unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a). Specifically, he was charged with taking a 1999 Toyota Camry from Ernesto Guereque without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle. He was further charged with the crime of receiving stolen property, the same Toyota Camry, within the meaning of Penal Code section 496d, subdivision (a). It was further alleged as to both counts pursuant to Penal Code section 666.5 that he had previously been convicted of a violation of Penal Code section 496d, subdivision (a). It was also alleged that defendant had served three prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On September 19, 2008, defendant signed a plea agreement in which he agreed to enter a plea of guilty to one count of "attempt unlawful driving or taking a vehicle" within the meaning of Penal Code section 664 and Vehicle Code section 10851, subdivision (a). On September 19, 2008, defendant pled guilty in open court to one count of attempted unlawful taking or driving of a motor vehicle, a felony violation of Penal Code section 664/Vehicle Code section 10851, subdivision (a). Counsel stipulated to and the trial court found the factual basis of the plea based on the preliminary hearing transcript. Defendant was sentenced to eight months in state prison. He was given 272 days of custody credit. As a result, he was discharged on the case. The remaining

3

charges were dismissed.  The abstract of judgment listed his conviction as "VC 664/10851(A) ATTEMPT: TAKE VE."

On April 9, 2015, defendant filed his Petition.  It consisted of one page.  Defendant requested a hearing date of May 1, 2015.  The sole information on his conviction provided in the Petition was as follows:  "Defendant in the above-entitled case requests that, pursuant to Penal Code § 1170.18, the following felony violation(s) VC664/10851(a) be designated as misdemeanor(s)."  He stated that he had completed his sentence.  Defendant provided no additional facts or argument to the trial court.

On April 9, 2015, the People filed a one-page response to the Petition and stated, "Defendant is not entitled to the relief requested.  Reason:  [¶] VC 10851 is not affected by Prop 47."

On April 30, 2015, the trial court issued a one-page denial of the Petition.  It did not conduct a hearing.  It found, "PC 664/VC 10851(A) does not qualify under Prop 47, PC 1170.18.  Petition denied."  Defendant filed an amended notice of appeal from the denial of his Petition on May 14, 2015.

## DISCUSSION

Defendant's Petition filed in the trial court merely cited to his conviction of violating Penal Code section 664/Vehicle Code section 10851, and that it should be reduced to a misdemeanor.  No further facts or argument regarding his eligibility for resentencing were presented in the Petition.  On appeal, defendant contends the trial court erred by denying the Petition because the language of Proposition 47 is broadly inclusive and covers all theft-related offenses where the value of the stolen property is $950 or less.

4

He insists that when a person violates Vehicle Code section 10851, subdivision (a) by taking a car with the intent to permanently deprive the owner of possession, "he in essence suffers a theft conviction." He further argues that since he was only convicted of an attempted violation of Vehicle Code section 10851, the value of the vehicle was essentially zero. He contends he qualified for reduction of his felony conviction to a misdemeanor violation of Penal Code section 490.2.

While defendant's claims may in fact be true, we affirm the denial of defendant's Petition because he failed to meet his burden in the trial court of alleging facts that he was eligible for resentencing under Proposition 47. We further reject he has properly raised an equal protection claim. Finally, he was not entitled to a hearing on his eligibility to be resentenced.

A.       INADEQUACY OF PETITION

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz.* (2105) 238 Cal.App.4th 1323, 1328.) "Proposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)

Proposition 47 added Penal Code section 1170.18. Subdivision (a) of Penal Code section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court

5

that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Sections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Under Penal Code section 1170.18, subdivision (b) the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Penal Code section 1170.18, subdivision (f) provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Penal Code section 1170.18, subdivision (h) provides: "Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)."

Vehicle Code section 10851 is not listed in Penal Code section 1170.18, and the issue of whether a defendant is eligible for resentencing for a violation of that section is currently under review in the California Supreme Court in *People v. Page* (2015) 241 Cal.App.4th 714, review granted, January 27, 2016, S230793. We only briefly address

6

the possibility that a violation of Vehicle Code section 10851 could be reduced to a misdemeanor under Proposition 47.

Section 490.2 was added to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 490.2 provides in pertinent part, "Notwithstanding [Penal Code s]ection 487 *or any other provision of law defining grand theft*, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (Italics added.) Penal Code section 487, subdivision (a), provides that if the value of the money, labor, real or personal property taken exceeds $950, the offense is a felony. Penal Code section 487, subdivision (d)(1) provides that grand theft occurs if the property is an automobile, regardless of the value.

Penal Code section 1170.18 clearly states that a defendant must show he was convicted of a felony but would have been convicted of a misdemeanor if Proposition 47 had been in effect at the time of the offense. For an offense under Penal Code section 490.2, which was added to the Penal Code, defendant had to allege facts in the Petition that he would have been guilty of a misdemeanor violation of Penal Code section 490.2 rather than the felony conviction. It is true that Vehicle Code section 10851 is not listed in Penal Code section 1170.18. However, Vehicle Code section 10851 can be violated by the taking of a vehicle with the intent to permanently deprive the owner of the vehicle. Assuming that a defendant takes a vehicle valued under $950, such violation could constitute a violation of Penal Code section 490.2.

7

However, in this case, defendant failed to prove that the value of the vehicle in this case was under $950, or to allege any facts to support that he was eligible for resentencing. The petitioner has the burden of establishing eligibility for relief under Penal Code section 1170.18. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 (*Sherow*).)

In *Sherow*, the defendant was ultimately convicted of five counts of second degree burglary, and filed a petition to recall his sentence, which was denied. As set forth in the opinion, "Sherow appeals challenging only the decision as to counts 1 and 2. He contends the record does not show the loss as to each count exceeded $950 and thus the two counts should be resentenced as misdemeanors. Sherow's petition sought resentencing as to all five counts without any separate discussion of the counts, no reference to facts or evidence and no argument." (*Sherow*, *supra*, 239 Cal.App.4th at p. 877.) The People responded that Sherow had failed to meet his burden under Penal Code section 1170.18 to show the losses did not exceed $950. (*Sherow*, at p. 877.) The defendant, in turn, argued that his "blanket request" to reduce his convictions to misdemeanors, without any discussion or elaboration, placed the burden on the prosecution to discern whether he was eligible for relief under Proposition 47. (*Id.* at p. 878.)

The *Sherow* court observed that, "Proposition 47 does not explicitly allocate a burden of proof." (*Sherow*, *supra*, 239 Cal.App.4th at p. 878.) The court stated that "applying established principles of statutory construction we believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such

8

resentencing.  In such cases, it is important to keep in mind a person . . . was validly convicted under the law applicable at the time of the trial of the felony offenses.  It is a rational allocation of burdens if the petitioner in such cases bear[s] the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence."  (*Id*. at p. 878.)

The *Sherow* court also referred to background information prepared by "Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow" on Proposition 47, which provided, "'The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a):  i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed.  If the crime under consideration is a theft offense under sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the initial burden of proving the value of the property did not exceed $950.'"  (*Sherow*, *supra*, 239 Cal.App.4th. at p. 879.)

The *Sherow* court determined that the defendant's petition, which gave "virtually no information" regarding his eligibility for resentencing, was properly denied.  It further noted that "[a] proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken.  If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880; accord *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 ["Under *Sherow* [the defendant] had the burden to establish 'the

facts, upon which his . . . eligibility [was] based[,]' i.e. that the value of the property he took from the store did not exceed $950"].)

Here, defendant's Petition only stated that he had been convicted of violating Penal Code section 664/Vehicle Code section 10851. No further facts regarding his eligibility for resentencing were provided. Defendant did not allege that although Vehicle Code section 10851 is not listed in Proposition 47, he was otherwise eligible because his offense constituted a theft offense under Penal Code section 490.2. He did not allege that since he was convicted of an attempt crime, the value of the items taken was zero. Based on the foregoing, defendant was not entitled to resentencing under Penal Code section 1170.18 because he did not meet his burden of showing he was eligible for resentencing under Proposition 47.

## B. EQUAL PROTECTION

Defendant raises for the first time on appeal that the omission of Penal Code section 664/Vehicle Code section 10851 from Proposition 47 violates equal protection. Defendant argues that assuming the Proposition 47 voters intended to only reduce vehicle thefts under Penal Code section 487, subdivision (d)(1) to misdemeanors under Penal Code section 490.2, while leaving Vehicle Code section 10851 violations as felonies, such discrimination is impermissible under the Equal Protection Clause of the United States and California Constitutions.

"'The United States and California Constitutions entitle all persons to equal protection of the laws. [Citations.] This guarantee means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons

10

or other classes in like circumstances." [Citation.] A litigant challenging a statute on equal protection grounds bears the threshold burden of showing "that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." [Citation.] Even if the challenger can show that the classification differently affects similarly situated groups, "[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest," the classification is upheld unless it bears no rational relationship to a legitimate state purpose.'" (*People v. Singh* (2011) 198 Cal.App.4th 364, 369; see also *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.)

We have not concluded in this case that a person who is convicted pursuant to Vehicle Code section 10851 is ineligible for resentencing under Penal Code section 1170.18, but a person who is convicted of violating Penal Code section 487, subdivision (d)(1) would be eligible for resentencing. Rather, we have concluded defendant was required to show that he would have been eligible to be convicted of the misdemeanor violation of Penal Code section 490.2 had it been in effect at the time he committed his offense. It is conceivable that a person who has been convicted of a violation of Vehicle Code section 10851, and files an adequate petition alleging the value of the vehicle taken was less than $950, and had the intent to permanently deprive the owner of the vehicle, could show he would have been guilty only of a violation of Penal Code section 490.2 at the time of the offense, and could be eligible for resentencing based on the language in the statute.

11

However, we simply cannot reach a decision in this case as to whether defendant was eligible for resentencing because defendant's Petition filed in the trial court never raised these issues and was woefully inadequate. Moreover, "As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.'" (*People v. Smith* (2001) 24 Cal.4th 849, 852.) We will not address defendant's equal protection claim, raised for the first time on appeal; even if we were to consider the issue, defendant failed to allege facts in the Petition to support his argument.

## C. RIGHT TO A HEARING

Defendant further contends that his constitutional rights were violated by the failure of the trial court to conduct a hearing and secure his presence at the hearing. Here, the only information before the trial court was that defendant had been convicted of an attempted unlawful taking or driving of a motor vehicle. It is clear, as set forth *ante*, that Vehicle Code section 10851 is not listed in Penal Code section 1170.18. Based on the face of the Petition, the trial court could determine that defendant was ineligible for resentencing, and no hearing was required. Defendant had to allege additional facts, i.e. that the value of the vehicle was under $950, or zero, as he now contends, and that his crime constituted a theft offense. The trial court here could summarily deny the Petition because it contained no facts or explanation how defendant was eligible for resentencing. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 877; see also *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7 [defendant not entitled to development of facts or hearing if trial court determined he was ineligible on the face of a Penal Code section 1170.126 petition for resentencing].)

12

Here, defendant's Petition gave the trial court no information as to the value of the property, or that his violation of Vehicle Code section 10851 was a theft offense. As alleged, the trial court did not err by concluding that since defendant had a conviction of violating Penal Code section 664/Vehicle Code section 10851, without more, he was not entitled to resentencing under Proposition 47.

## DISPOSITION

The trial court's order denying defendant's Petition to recall his sentence is affirmed. Nothing in this decision or in Penal Code section 1170.18 forecloses defendant's ability to file a new petition alleging sufficient facts to support his claim that his conviction should be reduced to a misdemeanor.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

13